**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

RODNEY A. CAMPBELL,

    *Plaintiff,*

v.

DAVE UNKNOWN et al.,

    *Defendant.*

No. 4:26-cv-00024-JMD

**MEMORANDUM AND ORDER**

Frequent filer Rodney Campbell alleges that jail officials refused to "provide medical service for perscription [sic] glasses" he "need[s]."  ECF 1 at 3.  He adds that he suffers headaches from straining his eyes.  *Id.* at 3–4.  Campbell moved to proceed *in forma pauperis*, ECF 7, so the Court must screen his complaint for frivolity, maliciousness, and failure to state a claim.  28 U.S.C. § 1915(e)(2).  The Court accepts Campbell's well-pleaded facts as true and liberally construes his complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But Campbell's claim cannot succeed because denial of eyeglasses is not enough to establish an objectively serious medical need, and because he is already litigating this claim in another case.  The Court dismisses his complaint and denies his *in forma pauperis* motion as moot.[1]

**Analysis**

Campbell's claim suffers from two problems, both of which require dismissal.

---

[1] Based on a change of address form Campbell filed on June 2, 2026 in another of his pending cases, it appears he has been released from confinement.  *See Campbell v. St. Charles County*, 4:26-cv-00812-JSD (E.D. Mo. 2026), ECF 3.  Because of this change, Campbell's motion and account statement may no longer accurately reflect his financial situation, but the Court need not address this issue.

1

## I.

By the Court's count, Campbell has filed more than 30 cases in this Court since December. Most of these name St. Charles County or the St. Charles County Jail as a defendant. *See, e.g.*, *Campbell v. St. Charles County Jail*, No. 4:25-cv-01902, ECF 5 at 3 n.1 (May 5, 2026) (collecting cases). Campbell admits that before filing this suit, one of his many other cases he filed concerns the same request for relief as this one, and he says that case remains pending. ECF 1 at 8–9. Campbell did not provide a case number, but the Court has also identified at least one case filed after this one that seeks the same relief. *See Campbell v. St. Charles County Jail*, No. 4:26-cv-00089-MAL (Jan. 21, 2026).

Campbell cannot file this case after seeking identical relief in another case. "[T]he rule against duplicative litigation seeks to promote judicial economy and to protect parties from vexatious and duplicative litigation over the same subject matter." *Kezhaya v. City of Belle Plaine, Minn.*, 78 F.4th 1045, 1050 (8th Cir. 2023). This doctrine "permits the dismissal of a duplicative action while the first action remains pending." *Id.* The Court applies that doctrine here to dismiss this case.

## II.

Campbell's petition also fails to state a claim. Dismissal under § 1915 is "proper" where the petition "lacks an arguable basis in either law or in fact." *Robbins v. Clarke*, 946 F.2d 1331, 1333 (8th Cir. 1991) (citation omitted). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The Court would ordinarily rule on Campbell's *in forma pauperis* motion first. But exercising its "sound discretion" under § 1915 to dismiss the case

2

at any time, *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), the Court instead dismisses the complaint.

Campbell has not pleaded sufficient facts to survive this initial review. Because Campbell is a pretrial detainee, the Court examines the constitutionality of his conditions of confinement as a Fourteenth Amendment due process claim. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (noting that pretrial detainees are entitled to "at least as great protection as that afforded to convicted prisoners under the Eighth Amendment" (cleaned up)). A pretrial detainee's constitutional rights "are violated if prison officials exhibit deliberate indifference to the prisoner's serious medical needs." *Wagner v. City of St. Louis Dep't of Pub. Safety*, No. 412-cv-01901-AGF, 2014 WL 3529678, at *8 (E.D. Mo. July 16, 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To prevail here, Campbell must establish (1) that he suffered from an objectively serious medical need, and (2) that a defendant actually knew of the need but deliberately disregarded it. *Id.* Campbell fails to allege a serious medical need.

Whether a condition is sufficiently serious is a "fact-intensive inquiry," and a detainee must "clear a substantial evidentiary threshold." *Nelson v. Shuffman*, 603 F.3d 439, 448–49 (8th Cir. 2010). A serious medical need is one that either "has been diagnosed by a physician as requiring treatment" or "is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). Although the medical condition need not rise to the level of an emergency, it does need to "rise to the level of an unnecessary and wanton infliction of pain." *Jorden v. Farrier*, 788 F.2d 1347, 1348 (8th Cir. 1986). The defendant's conduct must be so severe that it is "akin to criminal recklessness." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008).

Campbell cannot satisfy this standard on this bare-bones complaint.  He has provided nothing more than that he "received an eye exam from the nurses," "was found to be in need of perscription [sic.] glasses," and that the prison's director of medical "told [him] they don't provide medical service for perscription [sic.] glasses." ECF 1 at 3.  Nor does he provide any allegations about the extent of his need for glasses or the strength of prescription needed, stating merely that he is "not able to see properly." *Id.* at 4.

Needing prescriptions eyeglasses and suffering headaches—without more—does not constitute a serious medical need.  "Courts in this District and others have concluded as a matter of law that the denial of eyeglasses and eye medication or headaches and blurry vision resulting from an incorrect eyeglass prescription are insufficient to establish an objectively serious medical need." *Wagner*, 2014 WL 3529678, at *8 (collecting cases).

Had Campbell alleged additional facts, the Court might have reached a different result.  For example, courts have recognized a serious medical need "where the plaintiff has demonstrated that he was unable to see or that he experienced physical degeneration of his eyesight as a result of the allegedly out-of-date prescription eyeglasses." *Id.* at *9.  Campbell's allegations do not rise to this level, nor has he alleged he was deprived the opportunity to purchase eyeglasses or otherwise obtain his desired relief.

The Court **DISMISSES** this action without prejudice.  A separate order of dismissal shall accompany this memorandum and order.  The Court also **DENIES** as moot Campbell's motion for leave to proceed *in forma pauperis*, ECF 7.  Campbell is also warned that filing 30 lawsuits in such a short time, many concerning the same series of events, is almost never

appropriate.   If Campbell issues similar filings in the future, the Court will consider sanctions.

Dated this 22th day of July, 2026

_____

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

5